# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT DANIEL SPIVEY | § | |
| VS. | § | CIVIL ACTION NO. 9:17cv14 |
| JORDAN WILSON, ET AL. | § | |

## MEMORANDUM OPINION REGARDING VENUE

Plaintiff Robert Daniel Spivey, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

## Factual Background

Plaintiff complains prison officials at the Telford Unit and transportation officers failed to protect him from assault by failing to conduct strip searches and seize all weapons from "STG" Ad-Seg offenders before the inmates were shackled and restrained on a transportation bus at the Telford Unit. As a result, plaintiff claims he was attacked on November 10, 2016 aboard a prison transportation bus after leaving the Telford Unit en route to the Eastham Unit.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28

U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claims arose. Here, plaintiff complains of acts or omissions which occurred at the Telford Unit located in Texarkana, Bowie County, Texas. Further, the defendants regarding these claims are located in Bowie County, Texas.

When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case is Bowie County. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976). Pursuant to 28 U.S.C. § 124, Bowie County is located in the Texarkana division of the Eastern District of Texas; thus, venue is proper in the Eastern District of Texas. However, since the acts or omissions occurred at the Telford Unit in Bowie County and the defendants reside in Bowie County, such claims should be pursued in the Texarkana division instead of the Lufkin division.

When a case is filed in the wrong district or division, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division of the United States District Court for the Southern District of Texas pursuant to Section 1406(a)).

Accordingly, this case should be transferred to the Texarkana Division of this court. An appropriate order so providing will be entered by the undersigned.

SIGNED this 24th day of April, 2017.

                                                 Zack Hawthorn
                                                 United States Magistrate Judge